IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD NELSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DETECTIVE DAVID IWASZKO and CALUMET CITY,<br><br>    Defendants. | No. 09 cv 5454 |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit DETECTIVE DAVID IWASZKO and CALUMET CITY.

## JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.  Plaintiff is a resident of the State of Illinois and of the United States.

3.  The DETECTIVE DAVID IWASZKO was at all times relevant hereto employed by and acting on behalf of CALUMET CITY.

4.  CALUMET CITY is a duly incorporated municipal corporation and is the employer and principal of DETECTIVE DAVID IWASZKO, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, DETECTIVE DAVID

IWASZKO was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of CALUMET CITY.

## FACTS

5.  On or about September 2, 2007, there was an altercation at or near the residence of Ravi Ragoo at 563 Muskegon in Calumet City, Illinois.

6.  During the fight, two individuals, Larry Kersee and Steven Givens, were stabbed. Larry Kersee ultimately died of his injuries.

7.  On or about September 2, 2007, Calumet City Police Officers, including DEFENDANT DETECTIVE DAVID IWASZKO, responded to the location at 563 Muskegon in Calumet City, Illinois to investigate the altercation and stabbings.

8.  A witness, Shonille Berry, described one of the individuals who stabbed the victim as a wearing a white shirt, *inter alia*.

9.  RICHARD NELSON was wearing a yellow and blue shirt during the evening of the altercation.

10. On or about September 2, 2007, Plaintiff RICHARD NELSON was taken into custody by Calumet City Police Officers.

11. RICHARD NELSON was interviewed September 2, 2007 and September 3, 2007 at the Calumet City Police Department as a suspect for stabbing Larry Kersee on September 2, 2007.

12. RICHARD NELSON completely denied the allegations.

13. On or about September 4, 2007 or September 5, 2007, Carrolee McPherson informed DEFENDANT DETECTIVE DAVID IWASZKO that RICHARD NELSON was not involved in the fight and was inside the residence with her.

14. On or about September 4, 2007 or September 5, 2007, Carrolee McPherson informed DEFENDANT DETECTIVE DAVID IWASZKO that Sean Nelson was hiding in the house after the altercation, had blood on him, and was wearing a white shirt.

15. On or about September 3, 2007, Plaintiff was charged with one charge of murder and one charge of attempted murder.

16. On or about September 5, 2007 or September 6, 2007, a *Gerstein* and bond hearing was conducted regarding Plaintiff.

17. In October 2007, Plaintiff was arraigned on the charges.

18. Plaintiff remained in custody until approximately July 6, 2009 when he was found not guilty in the criminal trial.

19. The DEFENDANT DETECTIVE DAVID IWASZKO testified in the criminal trial that he met with Carrolee McPherson and was informed that Richard Nelson was not involved in the altercation and that Sean Nelson was hiding when the police arrived, was covered in blood and was wearing a white shirt.

20. The DEFENDANT DETECTIVE DAVID IWASZKO testified in the criminal trial that he did not inform the prosecutor regarding the subject matter of the conversation of Carrolee McPherson. DEFENDANT IWASZKO told Ms. McPherson, in summary, to get a good lawyer for Richard Nelson and it would sort itself out.

21. The DEFENDANT DETECTIVE DAVID IWASZKO specifically withheld the above exculpatory information from the prosecutor and the PLAINTIFF.

22. The actions of DEFENDANT DETECITVE DAVID IWASZKO initiated or continued the criminal charges and prosecution against PLAINTIFF.

23. DEFENDANT DETECTIVE DAVID IWASZKO interviewed witnesses regarding the altercation and stabbing, including Jeremy K. Anderson and Javed A. Heard. Detective Miro interviewed Marcus Gee. None of these individuals saw who stabbed the victims. DEFENDANT IWASZKO specifically noted that Mr. Anderson and Mr. Heard did not see who stabbed either victim.

24. On September 3, 2007, DEFENDANT DETECTIVE IWASZKO, with Detective Miro, Detective Erickson and Detective Rapacz, assembled a line-up including PLAINTIFF RICHARD NELSON. During this line-up, Messrs. Anderson, Heard and Gee positively identified PLAINTIFF RICHARD NELSON as being involved in the altercation with Larry Kersee.

25. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT IWASZKO, Plaintiff was caused to suffer damages.

26. For all dates relevant to this cause of action, the DEFENDANT IWASZKO and other Calumet City police officers were on duty at all times relevant to this Complaint and were duly appointed police officers for CALUMET CITY. The DEFENDANT IWASZKO and other Calumet City police officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT IWASZKO.

## COUNT I
### False Imprisonment Claim Pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

27. Plaintiff re-alleges paragraphs 1 – 26 as though fully set forth herein.

28. The actions of the DEFENDANT IWASZKO caused and/continued the imprisonment of the Plaintiff without probable cause to believe that the Plaintiff had committed criminal activity.

29. Therefore, the conduct of the DEFENDANT IWASZKO was in violation of the Fourth Amendment to the United States Constitution.

30. The aforementioned actions of the DEFENDANT IWASZKO were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT IWASZKO. Plaintiff also demands punitive damages, costs and attorneys' fees against the DEFENDANT IWASZKO and whatever additional relief this Court deems equitable and just.

## COUNT II
## Malicious Prosecution – State Law Claim

31. Plaintiff re-alleges paragraphs 1 – 26 as though fully set forth herein.

32. The DEFENDANT IWASZKO alleged that Plaintiff violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against Plaintiff.

33. The DEFENDANT IWASZKO engaged in this effort without probable cause.

34. The underlying criminal charges were ultimately resolved in favor of Plaintiff on approximately July 6, 2009.

35. The underlying criminal charges were resolved in a manner indicative of innocence in that the PLAINTIFF was found not guilty.

36. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT IWASZKO. Plaintiff also demands punitive damages and costs against the DEFENDANT IWASZKO and whatever additional relief this Court deems equitable and just.

## COUNT III
## DUE PROCESS CLAIM

37. Plaintiff re-alleges paragraphs 1 – 26 as though fully set forth herein.

38. DEFENDANT IWASZKO'S acts and omissions deprived PLAINTIFF of rights, privileges, and immunities secured to him by the due process clause as contained in the Fifth and Fourteenth Amendments to the United States Constitution.

39. DEFENDANT IWASZKO deprived PLAINTIFF of a fair trial by engaging in multiple acts which include, but are not limited to the failure to disclose known exculpatory and favorable evidence, submitting false charges, failing to document witness interviews, manipulating line-ups and other identifications of the PLAINTIFF, and otherwise acting to deny PLAINTIFF a fair trial.

40. DEFENDANT IWASZKO'S acts and omissions described in this complaint were directed against PLAINTIFF, were material and intentional, and were in violation of PLAINTIFF'S due process rights. Therefore, DEFENDANT IWASZKO is liable to PLAINTIFF pursuant to 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands compensatory damages from the DEFENDANT IWASZKO. Plaintiff also demands punitive damages and costs against the DEFENDANT IWASZKO and whatever additional relief this Court deems equitable and just.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against CALUMET CITY

41. Plaintiff re-alleges paragraphs 1 – 40 as though fully set forth herein.

42. Defendant CALUMET CITY is the employer of the DEFENDANT IWASZKO.

43. The DEFENDANT IWASZKO, as alleged above, committed the acts under color of law and in the scope of employment of CALUMET CITY.

WHEREFORE, should the DEFENDANT IWASZKO be found liable for any of the alleged counts in this cause, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, CALUMET

6

CITY pay Plaintiff any judgment obtained against the DEFENDANT IWASZKO as a result of this Complaint.

## COUNT V
### Supplementary Claim for *Respondeat Superior*

44. Plaintiff re-alleges paragraphs 1 – 40 as though fully set forth herein.

45. The aforesaid acts of the DEFENDANT IWASZKO were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT IWASZKO be found liable for any state claims alleged herein, Plaintiff demands judgment against CALUMET CITY and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

46. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff

**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076